**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PEDRO PEÑA MARQUEZ, ET AL., <br><br>     Plaintiffs, <br><br>        v. <br> BRISTOL-MYERS SQUIBB PUERTO RICO INC., ET AL., <br><br>     Defendants. | CIV. NO. 04-1769(PG) |

**OPINION AND ORDER**

Before the Court is co-defendants' Motion to Dismiss Plaintiffs' Claims for Damages (Docket No. 8.) For the following reasons, the Court DENIES co-defendants' motions.

**BACKGROUND**

Plaintiff Pedro Peña Marquez ("Peña") worked at Bristol Byers Squibb Puerto Rico Inc. ("Bristol") from September 1970 until October, 2001. His last position at Bristol was "Corrective Maintenance Mechanic". (Docket No. 1 at 4.) Early in October 2000, Mr. Peña suffered an injury as a result of being hit in the face with a softball while playing in a company sponsored game. (Id.) He received Short and Long Term Disability Benefits for a year pursuant to Bristol's Disability Benefits Plan ("the Plan"). (Id.) In October 2001, however, Long Term Disability Benefits were denied allegedly because Bristol had determined that Peña was not totally disable under the definition of disability pursuant to the Plan. (Id.) Mr. Peña appealed the determination but was unsuccessful. (Id., at 5.) It is also alleged that during the course of the appeals proceedings, Peña was dismissed without just cause and without any explanation regarding the reasons for his dismissal. (Id. at 5-6.)

On July 7, 2004, Mr. Peña, his wife, Myriam Ortiz-Garcia, and the conjugal partnership Peña-Ortiz (collectively "plaintiffs"), filed suit

Civ. No. 04-1769(PG)                                                    Page 2

against Bristol, Bristol-Myers Squibb Puerto Rico, Inc. Retirement Plan, and Medical Card System "Workability" Program (collectively "defendants") claiming violations of their rights pursuant to the Employment Retirement Income Security Act ("ERISA"), as well as Puerto Rico Law 44, 80, and 100.

## DISCUSSION

### I. Standard of Review

When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995); see also Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir.1991); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". Zeus Projects Limited v. Pérez & Cia, 187 F.R.D. 23, 26 (D.P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, it must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988). The Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

### II. Analysis

Defendants move to dismiss plaintiffs' state law claims alleging the

claims are directly related to their claim for insurance benefits pursuant to an ERISA plan, and, therefore, are preempted by ERISA.

Plaintiffs oppose defendants' request arguing their complaint sets forth three distinct and independent causes of action: one for violation of ERISA, a second cause of action for disability discrimination under Puerto Rico Law 44 and 100, and a third cause of action for unjust termination under Puerto Rico Law 80. (See Docket No. 1 at 3-6.) Accordingly, they argue that their claim for damages is independent of their claim for benefits under ERISA, and thus, not preempted.

According to the statute, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). See Padilla De Higginbotham v. Worth Publishers, Inc., 820 F.Supp. 48, 49 (D.P.R. 1993). A state law is preempted when it "relates to an employee benefit plan, in the normal sense of the phrase" and has a connection with or reference to such a plan." Danca v. Emerson Hosp., 9 F.Supp.2d 27, 30 (D.Mass. 1998)(quoting Shaw v. Delta Air Lines, 463 U.S. 85, 96-97(1983)).

"To establish complete preemption, defendants must show that the state cause of action falls within the scope of ERISA." Valentin Munoz v. Island Finance Corp., 364 F.Supp.2d 131, 135 (D.P.R. 2005)(citing Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 5 (1st Cir.1999)). In other words, defendants must show that the state law at issue is an alternative enforcement mechanism of ERISA or of the terms of an ERISA plan. Valentin, 364 F.Supp.2d at 135 (citations omitted); see Rodriguez-Hernandez v. National Life Ins. Co., Puerto Rico Telephone Co., No. Civ. 04-1096, 2005 WL 1640774, at *4 (D.P.R. July 12, 2005)(holding that laws are preempted if they provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans, and apply

Civ. No. 04-1769(PG)                                                   Page 4

solely to them, or interfere with the calculation of benefits owed to an employee).

It is well-settled that "the possibility that the terms of ERISA ... Plan may be evidence of certain aspects of the claim does not mandate their preemption. Id. (citations omitted). Furthermore, "preemption will not occur where the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." Id., 2005 WL 1640774, at *5 (citing Combined Mgmt. v. Superintendent of the Bureau of Ins., 22 F.3d 1 (1st Cir.1994)(internal quotations omitted); see Rodriguez-Hernandez, 2005 WL 1640774, at *4 (state statutes of general application, often traditional exercises of state power or regulatory authority, are not preempted as their effect on ERISA plans is merely incidental).

To determine pre-emption under ERISA, two questions must be answered. First, is the plan at issue an employee benefit plan within the scope of ERISA? Secondly, does the cause of action relate to said employee benefits plan? Rosario-Cordero v. Crowley Towing & Transp. Co., 46 F.3d 120, 124 (1st Cir. 1995). Affirmative answers to both questions means plaintiffs' claims are preempted.

In the case at bar, a plain reading of the allegations in the complaint clearly shows that plaintiffs' three causes of action for damages pursuant to Puerto Rico law are totally independent of their ERISA claim.

Plaintiffs' aver that defendants discriminated against Mr. Peña due to his disability in violation of his rights pursuant to Puerto Rico Law 44 and 100. Furthermore, that defendants terminated Mr. Peña's employment without just cause and without paying him his compensation and indemnity pursuant to Puerto Rico Law 80. (See Docket No. 1 at 4-6.) In other words, plaintiffs seek damages under state law for actions by defendants which

Civ. No. 04-1769(PG)                                                    Page 5

are different and totally independent to the defendants' actions that prompted the denial of benefits' claim under the ERISA plan. The state law claims have nothing do to with the denial of disability benefits claim and thus do not relate to the ERISA plan at issue. Furthermore, defendants fail to show how Mr. Peña's state law claims are in any way related to the ERISA plan, require the interpretation of an ERISA plan, or are merely an attempt to establish an alternative cause of action to obtain benefits protected by ERISA.  Accordingly, plaintiffs' state law claims are not preempted by ERISA and therefore, should not be dismissed[1]. See Padilla, 820 F.Supp. at 49.

**CONCLUSION**

For the preceding reasons, the Court DENIES defendants' Motion to Dismiss  Plaintiffs' Claims for Damages.


**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 29, 2005.


                                          S/JUAN M. PEREZ-GIMENEZ
                                          U. S. DISTRICT JUDGE

---

[1] The Court is aware that a claim pursuant to Puerto Rico Law 80 could be considered as preempted by ERISA. See Rivera Sanfeliz v. Chase Manhattan Bank, 349 F.Supp.2d 240, 244-46 (D.P.R. 2004)(holding plaintiff's claim for severance pay under Law 80 preempted inasmuch as he was attempting to use an alternate enforcement mechanism under state law to remedy a claim that falls within the scope of ERISA given that the severance pay he sought was covered by a severance plan that qualified as an employee welfare benefit plan under ERISA). However, in the Rivera -Sanfeliz case, as opposed to here, plaintiff's Law 80 claim was clearly an attempt to use an alternate enforcement mechanism to obtain a remedy that was already covered by a plan pursuant to ERISA.  Here, plaintiffs' have not requested severance or compensation pay pursuant to a plan and neither have defendants alleged that plaintiffs' Law 80 claim is really a claim for ERISA benefits. Reading the complaint in the light most-favorable to the non-moving party, we find that plaintiffs' Law 80 claim is not preempted.