**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PEDRO PEÑA MARQUEZ, ET AL., <br><br> Plaintiffs, <br><br>      v. <br> BRISTOL-MYERS SQUIBB PUERTO RICO INC., ET AL., <br><br> Defendants. | CIV. NO. 04-1769(PG) |

**OPINION AND ORDER**

Before the Court is co-defendants' unopposed Motion to Strike Plaintiff's Request or Jury Trial." (Docket No. 15.)  For the following reasons, the Court GRANTS co-defendants' motion.

**BACKGROUND**

Plaintiff Pedro Peña Marquez ("Peña") began working at Bristol Byers Squibb Puerto Rico Inc. ("Bristol") on September 22, 1970 until October, 2001.  His last position at Bristol was "Corrective Maintenance Mechanic". (Docket No. 1 at 4.) Early in October 2000, Mr. Peña suffered an injury as a result of being hit in the face with a softball while playing in a company sponsored game. (Id.) He received Short and Long Term Disability Benefits for a year.  (Id.) In October 2001, Long Term Disability Benefits were denied allegedly because Bristol had determined that Peña was not totally disable under the definition of disability pursuant to the Plan. (Id.) Mr. Peña appealed the determination but was unsuccessful. (Id., at 5.) It is also alleged that during the course of the appeals proceedings, Peña was dismissed without just cause and without giving him a termination letter explaining him the reasons for his dismissal. (Id. at 5-6.)  On July 7, 2004, Mr. Peña, his wife, Myriam Ortiz-Garcia, and the conjugal partnership Peña-Ortiz (collectively "plaintiffs"), filed suit claiming Bristol, Bristol-Myers Squibb Puerto Rico, Inc. Retirement Plan, and

Civ. No. 04-1769(PG)                                                Page 2

Medical Card System "Workability" Program (collectively "defendants") had transgressed their rights under the Employment Retirement Income Security Act ("ERISA"), Puerto Rico Law 80, 44, and 100.

Defendants move to strike plaintiffs' request for a jury trial arguing that a claim under ERISA is equitable in nature and, therefore, jury trial is not available.

## DISCUSSION

The Seventh Amendment provides, in relevant part, that "[i]n suits at common law, where the value at controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The phrase "common law" found in this clause is used in contradistinction to equity and admiralty. Shelley v. Trafalgar House Public Ltd. Co., 987 F.Supp. 84, 85 (D.P.R. 1997)(citing In Re N-500L Cases, 691 F.2d 15, 19 (1st Cir. 1982). Accordingly, courts must determine whether a suit is one in law or in equity to determine whether a plaintiff has a right to a jury trial.

The question of the availability of a jury trial in ERISA actions is not explicitly addressed by the Act. See Turner v. Fallon Community Health Plan Inc., 953 F.Supp. 419, 422 (D.Mass. 1997); Fuller v. Connecticut Life Ins. Co., 733 F.Supp. 462, 463 (D.Mass.1990). Most of the courts that have addressed the issue, however, have analyzed ERISA's legislative history and have concluded that a jury trial is not available under the statute inasmuch as Congress' failure to provide such a right is considered evidence of an intent not to alter the common law of trusts under which no jury trial is available. See Wardle v. Central States, S.E. and S.W. Areas Pension Fund, 627 F.2d 820, 830 (7th Cir. 1980); Fuller, 733 F.Supp. at 463. The courts seem to agree that since the determination of whether an individual is entitled to benefits is equitable in nature, no constitutional right to a trial by jury exists.

Civ. No. 04-1769(PG)                                                Page 3

Indeed, a majority of the Circuit Courts of Appeals have consistently held that there is no right to a jury trial under ERISA. See Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251, 1259 (2d Cir.1996); Pane v. RCA Corp., 868 F.2d 631, 636 (3rd Cir. 1989); Turner v. CF & I Steel Corp., 770 F.2d 43, 47 (3d Cir. 1985); Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1006-07 (4th Cir. 1985); Borst v. Chevron Corp., 36 F.3d 1308 (5th Cir. 1994); Daniel v Eaton, 839 F.2d 263 (6th Cir. 1988); Wardle, 627 F.2d at 830 (7th Cir. 1980); Houghton v. SIPCO, Inc., 38 F.3d 953 (8th Cir. 1994); Blau v. Del Monte Corp., 748 F.2d 1348, 1357 (9th Cir. 1984); Blake v. Unionmutual Stock Life Ins. Co. of America, 906 F.2d 1525 (11th Cir. 1990).

Although the issue has not yet been addressed by the First Circuit Court of Appeals, some District Courts within the First Circuit have likewise held that no right to a trial by jury exists with respect to a claim for benefits under ERISA. See Capozza Tile Co., Inc. v. Joy, 223 F.Supp.2d 307, 323 (D.Me. 2002); Dudley Supermarket, Inc. v. Transamerica Life Ins. and Annuity Co., 188 F.Supp.2d 23, 24 (D.Mass. 2002); Turner, 953 F.Supp. at 422; Gentile v. John Hancock Mut. Life Ins. Co., 951 F.Supp. 284, 290-291 (D.Mass. 1997); Stanford v. AT & T Corp., 927 F.Supp. 524, 527 (D.Mass. 1996); McLaughlin v. Reynolds, 886 F.Supp. 902, 908 (D.Me. 1995); Vartanian v. Monsanto Co., 880 F.Supp. 63 (D.Mass. 1995); Jorstad v. Connecticut General Life Ins. Co., 844 F.Supp. 46 (D.Mass. 1994); Charlton Memorial Hosp. v. Foxboro Co., 818 F.Supp. 456, 459-60 (D.Mass. 1993); Fuller, 733 F.Supp. at 463, 465; Berlo v. McCoy, 710 F.Supp. 873 (D.N.H. 1989); Turner v. Leesona Corp., 673 F.Supp. 67 (D.R.I. 1987); Wilson v. Connecticut Gen. Life Ins. Co., 670 F.Supp. 52, 54 (D.Me. 1987); Strout v GTE Products Corp, 618 F.Supp 444 (D.Me. 1985).

As evidenced by the preceding discussion, the weight of authority supports defendants' argument that there is no right to jury trial for a

Civ. No. 04-1769(PG)                                                      Page 4

claim under ERISA[1]. Upon reviewing the applicable case law, we too concur with the other courts' conclusion that there is no right to jury trial for a claim for benefits under a plan pursuant to ERISA. Accordingly, plaintiffs' jury request on their ERISA claim should be stricken[2].

## **CONCLUSION**

      For the foregoing reasons, defendants' Motion to Strike Plaintiff's Request or Jury Trial (Docket No. 15) is **GRANTED**.

    **IT IS SO ORDERED.**

      In San Juan, Puerto Rico, September 21, 2005.

      

                                          S/JUAN M. PEREZ-GIMENEZ
                                          U.S. District Judge

---

[1] "While sheer weight of opinion is not in itself sufficient reason for this Court to rule in a particular way, it is often indicative that the road less traveled may be a dead end." Turner, 953 F.Supp. at 422(quoting Fuller, 733 F.Supp. at 463.

[2] Notwithstanding, plaintiffs have a right to jury trial on their commonwealth claims in federal district court. See Rivera-Flores v. Puerto Rico Telephone Co., 64 F.3d 742, 749 (1st Cir. 1995). Accordingly, plaintiffs' request for a jury trial on their state law claims, if the Court decides to exercise supplement jurisdiction, shall not be stricken.